**SO ORDERED.**

**SIGNED this 08 day of December, 2008.**

THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.



_____
Richard Stair Jr.
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE: Lance Treadway

Carolee Treadway

# 05-37340

Chapter 13

ORDER GRANTING MOTION TO MODIFY
AND CONFIRMING MODIFIED PLAN

The Debtor(s) has filed a motion to modify the confirmed Chapter 13 plan. It appearing that all affected creditors have been served with copies of the motion, the proposed modified plan, and the required Notice; that no objections have been filed or any objection have been overruled or withdrawn; and the modified plan meets the requirements of the Bankruptcy Code;

IT IS ORDERED THAT:

1) The motion of the debtor(s) to modify is granted;
2) The proposed modified plan, a copy of which is attached, is hereby confirmed and is the plan of the debtor(s).

### # # #

APPROVED FOR ENTRY:

/s/ Gwendolyn M. Kerney
GWENDOLYN M. KERNEY
Chapter 13 Trustee
P. O. Box 228
Knoxville, TN 37901
(865) 524-4995

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION

IN RE: Lance & Carolee Treadway # 05-37340

Debtor(s) Chapter 13

## MODIFICATION of PLAN
## WAGE EARNER – INCOME MONITORING

The debtor(s) hereby modify the Chapter 13 plan provisions filed in the case as follows:

__X__ **Debtor(s) have projected future income increases, which are to be reported, monitored, and paid into the plan as additional plan payments.** ** **Debtor(s) are directly responsible for making increased payments, which will be reported, monitored, and paid as follows:**

_____ Debtor(s) shall file amended budget _____. Increased disposable income as updated in the amended budget to be paid into the plan, subject to objection by the Trustee as to the reasonableness and necessity of the expenses.

_____ Debtor(s) to supply the Trustee with all pay stubs and/or wage statements throughout the term of the plan. Wage statements due to Trustee monthly.

_____ W-2 Wages/Bonuses/Overtime/Commissions. Debtor(s) to pay all NET Bonuses, Overtime, or commissions into the plan as additional plan payments. Net bonus/overtime/commission income is due to the Trustee as earned.

_____ W-2 Wages/Bonuses/Overtime/Commissions.
Debtor(s) to pay ALL monthly NET income in excess of _____ (enter average mthly amt) into the plan.
Net income will be averaged _____ Quarterly, with excess income due to the Trustee
on April 15th, July 15th, October 15th, and January 15th.
Net income will be averaged _____ Semi-annually with excess income due to the Trustee
on July 15th and January 15th)
Net income will be averaged _____ Monthly, with excess income due to the Trustee
by the 15th of the following month.

__X__ Federal income tax returns are be filed with the IRS timely (no extensions). Copies of signed tax return due to Trustee's office each year not later than April 30th.

_____ The Debtor(s) must stay current with post-petition tax obligations. In the event the debtor(s) have self-employment income, all required quarterly estimated tax payments shall be made timely. In the event the Debtor(s) have income subject to withholding, the debtor(s) shall ensure that sufficient sums are withheld to cover income tax liability. Debtor(s) shall timely file all required tax returns and remit any balance due with the return. Failure to comply with any of these provisions shall, upon certification by the Internal Revenue Service and/or the Tennessee Department of Revenue, result in automatic dismissal of the case.

_____ Debtor(s) to provide Trustee evidence of income tax estimated payments. Evidence of payment due to the Trustee 15 days after the payment is due to the IRS. (IRS Form 1040-ES).
(IRS due dates: April 15th, June 15th, September 15th, and January 15th)

** **Reason for monitoring income:**
_____ Employment/job change; _____ Bonuses/commissions/Overtime; _____ Other (describe) _____.

Notice to creditors is not required since the above modification does not adversely affect the rights of creditors, or creditors have consented to modification. Any required notice to debtor(s) is the responsibility of debtor(s)' counsel.

_____   _____   11/12/08
Chapter 13 Trustee         Attorney for Debtor        DATE

# IN THE U.S. BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF TENNESSEE
# CHAPTER 13 PLAN

Check: ___ Original  ___ Amended Pre-Confirmation  _X_ Modified Post-Confirmation

DATED: __October 16, 2008__

IN RE: Lance Lamar Treadway and Carolee Treadway  CASE NUMBER: 05-37340
Debtor(s)

1. **PLAN PAYMENT/TERM.** The debtor(s) shall make plan payments of $438.00 bi-weekly through November 2008 and $257.00 bi-weekly for the remainder of the plan over a total of 60 months by wage order. If payments are by wage order, debtor(s) shall be responsible for making plan payments directly to the Trustee until the employer commences wage order deductions. Debtor(s) shall commence plan payments not later than 30 days from the date of filing; provided, however, if the bankruptcy filing fee and/or pre-confirmation adequate protection payments are required to be made by the Trustee, a full month of plan payments shall be made by the debtor(s) within thirty (30) days from the date of filing.

2. **TAX REFUNDS.** In addition to the above-plan payments, debtor(s) tax refunds and/or earned income credits shall be paid into the plan as follows: ___ none; _X_ all; or, ___ in excess of $___. A tax intercept order shall be issued for the debtor(s)' tax refund to be remitted directly by the Internal Revenue Service to the Trustee with the Trustee refunding debtor(s)' portion of the tax refund. If the debtor(s) is delinquent in plan payments at the time of tax intercept, then the entire tax refund/credit shall be paid into the plan with the debtor(s)' portion of the refund applied to the plan arrearage and the balance, if any, refunded to the debtor

3. **PROPERTY OF THE ESTATE/INSURANCE.** Debtor(s)' income and assets remain property of the estate and do not vest in the debtor until completion of the plan. Debtor(s) shall be responsible for any and all legal or contractual insurance requirements required to be maintained on estate properties. Debtor(s) retaining possession of personal property subject to a lease or securing a claim attributable to the purchase price of personal property shall within 60 days of bankruptcy filing provide the creditor proof of full coverage insurance and maintain the same so long as debtor shall retain possession of said property

4. **PRIORITY EXPENSES (including ADMINISTRATIVE EXPENSES)** under 11 U.S.C. §503(b) and §1326 shall be paid in full with claims entitled to priority under 11 U.S.C. §507(b) paid in full in deferred cash payments.

    a) Debtor(s)' **Chapter 13 attorney fees** shall be paid in the amount of $ _1600_ , less $ _1600_ previously paid by the debtor(s).

    b) **Tax claims** to be paid as secured, priority, and/or unsecured non-priority in accordance with the filed claim

    c) **Domestic support obligations** shall be paid as priority; provided, however, any child support obligations which are current at the time of filing and are being paid directly or by wage order deductions shall continue with no payments by the Trustee and per 11 U.S.C. §362(b)(2)(A)(ii) no stay shall be in effect for the establishment or modification of an order for these domestic support obligations. The following, however, are 11 U.S.C. §507 (a)(1)(B) domestic support obligations which have been assigned to a governmental unit and may not be paid in full per 11 U.S.C. §1322(a)(4) in the event this is a five year plan providing for all of debtor(s) projected disposable income:_____

    _____

5. **POST PETITION** claims allowed under 11 U.S.C. §1305 shall be paid in full

6. **NON-PRIORITY UNSECURED CREDITORS** shall be paid pro-rata by the Trustee on a funds available basis which may exceed, but will not be less than the following dividend range: ___ less than 5; _X_ 5%-20%; ___ 20% - 70%, ___ 71-100%; or ___ 100%

7. **COSIGNED DEBT.** The following cosigned claims shall be paid by the Trustee in full at the claim contract rate of interest not to exceed 24% interest for full protection of co-debtor(s):

    | Creditor | Approximate Balance | Monthly payment |
    | --- | --- | --- |

8. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Except for the following which are assumed, all executory contracts and unexpired leases are rejected with any claim arising from rejection to be paid as unsecured: _____

9. **NON-PURCHASE MONEY SECURITY INTEREST** lien claims of the following creditors are avoided and paid as unsecured: _____

10. **QUALIFIED RETIREMENT AND/OR PENSION** loans or claims shall be paid directly by debtor(s) pursuant to the terms of plan administration with no payments by the Trustee.

11. **SECURED CLAIMS PAID BY THIRD PARTY.** The Trustee shall make no payments on the following secured claims which shall be paid outside the plan by the designated individual; and, unless noted otherwise, the creditor shall be paid an allowable unsecured deficiency claim in the event of non-payment.

    | **Creditor** | **Collateral** | **Designated Individual** |
    | --- | --- | --- |
    | | | |

12A. **MORTGAGE** claim balances survive the plan. The Debtor(s) own a house and lot located at ___, which is subject to a first mortgage or long-term lien held by ___, and which shall be paid by the Trustee in monthly maintenance payments of $_____ beginning ___. In addition to the maintenance payment, the Trustee shall pay in full, in monthly installments of $___ at __% interest, a claim for mortgage/lien pre-petition arrearages in the approximate amount of $__, subject to any objection by the Debtor(s) or the Trustee to any greater amount claimed by the creditor, in which event the arrearage claim will be paid in the amount allowed by the court. Upon notification received as set forth in section 12(a)(4) and/or (5) herein, the Trustee shall pay any future mortgage increases or decreases due to escrow and interest rate changes, subject to the rights of the Debtor(s) and/or the Trustee to object.

12B. **STRIPPED MORTGAGES.** The following mortgages and/or liens shall be avoided, stripped down and paid as an unsecured creditor, pursuant to paragraph 6: _____

13. **SECURED CREDITORS/ PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS.** The holders of the following allowed claims shall be paid the designated secured value, interest rate and monthly payment over the life of the plan. Any portion of the allowed claim exceeding the designated secured value shall be paid as unsecured; provided, however, the lien securing the claim shall be retained until the earlier of: (a) payment of the underlying debt determined under non-bankruptcy law; or (b) discharge under 11 U.S.C. §1328. Claims filed as secured but not given a secured plan treatment herein shall be paid as unsecured and are subject to Trustee objection if not properly documented or perfected regardless of confirmed plan treatment.

    In addition, the secured creditors designated herein as eligible for pre-confirmation adequate payments shall be paid monthly pre-confirmation adequate protection payments by the Trustee in an amount equal to the designated monthly secured payment only in the event the secured creditor circulates for entry an agreed adequate protection order. Pre-confirmation adequate protection payments shall be subject to the Trustee administrative fee and paid pro-rata to the extent funds are available in the event more than one creditor is entitled to pre-confirmation adequate protection payments.

    A) The following creditors ARE NOT entitled to pre-confirmation adequate protection payments:

    | **Creditor** | **Collateral** | **Value** | **Payment** | **Interest rate** |
    | --- | --- | --- | --- | --- |
    | Capital One Auto Finance (Ford) | 2003 Ford Expedition | $19138 | $400/month | 8% |

    B) The following creditors are entitled to pre-confirmation adequate protection payments pursuant to the entry of an adequate protection order:

    | **Creditor** | **Collateral** | **Value** | **Payment** | **Interest rate** |
    | --- | --- | --- | --- | --- |
    | | | | | |

**14. SURRENDERED COLLATERAL.** Debtor(s) surrender the following collateral and the creditor shall be paid an allowed unsecured deficiency claim unless noted otherwise. The deficiency claim, however, shall be filed by the claim bar date unless the creditor seeks and is granted additional time within which to file any deficiency claim.

| **Creditor** | **Collateral** | **Deficiency** |
|---|---|---|
| | | |

**15. SPECIAL PROVISIONS.**

First mortgage to Washington Mutual to be paid by Debtors outside the plan.
Second mortgage to United Community Bank to be paid by Debtors outside the plan.


October 16, 2008
Date


/s/ Ann Mostoller_____, Debtor(s) Attorney; State Bar Code 001146
Ann Mostoller, 136 S. Illinois Ave., Oak Ridge, TN 37830, 865-482-4466